UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PETER M. HOFFMAN, Trustee of the Albert B. Grossman Marital Trust,

                                Plaintiff,

v.

AMERICAN INSTITUTE OF INDIAN STUDIES, a non-governmental organization,

                                Defendant,

and

NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL,

                                Intervenor.

1:21-cv-01105 (BKS/ATB)

---

**Appearances:**

*For Plaintiff:*
Joseph F. Castiglione
Young/Sommer LLC
Executive Woods
Five Palisades Dr.
Albany, NY 12205

*For Defendant:*
Daniel W. Coffey
Coffey Law PLLC
17 Elk St.
Albany, NY 12207

*For Intervenor*:
Letitia James
Attorney General of the State of New York
James G. Sheehan
Assistant Attorney General-in-Chief
Nathan M. Courtney
Assistant Attorney General
Charities Bureau

The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.  INTRODUCTION**

Plaintiff Peter M. Hoffman, in his capacity as trustee of the Albert B. Grossman Marital Trust,[1] brought this action against American Institute of Indian Studies ("AIIS") seeking declaratory judgment relief under 28 U.S.C. § 2201. (Dkt. No. 1). Subsequent to the commencement of this action, Plaintiff removed a petition filed by AIIS in Ulster County Surrogate's Court to this Court in *In re Estate of Grossman*, No. 21-cv-1145 ("the related case"). On December 8, 2021, this Court remanded the related case back to the Surrogate's Court, finding that it lacked subject matter jurisdiction under the probate exception. *In re Estate of Grossman*, No. 21-cv-01145, 2021 WL 5826292, 2021 U.S. Dist. LEXIS 234650 (N.D.N.Y. Dec. 8, 2021). In consideration of that ruling, the Court provided all parties the opportunity to submit additional briefing in the present case addressing whether this case should also be dismissed pursuant to the probate exception, or alternatively, under the principles of *Colorado River* abstention. *Id.*, 2021 WL 5826292, at *6, 2021 U.S. Dist. LEXIS 234650, at *19 (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976)).

These issues have been fully briefed. (Dkt. Nos. 14–16, 20–23). Having considered all of the submissions, the Court finds that *Colorado River* abstention applies to this case and abstains.

---

[1] Although Plaintiff was trustee of the Trust as of the filing date, Surrogate's Court revoked his letters of trusteeship on October 21, 2021. (Dkt. No. 15, at 3); *In re: Estate of Grossman*, No. 21-cv-01145, 2021 WL 5826292, at *3, 2021 U.S. Dist. LEXIS 234650, at *9–10 (N.D.N.Y. Dec. 8, 2021).

2

## II. STATUS OF THE ATTORNEY GENERAL

As a preliminary matter, the New York State Attorney General's Charities Bureau submitted a letter brief on January 4, 2022, requesting that, "[t]o the extent necessary to be heard on these issues . . . this submission be construed as a motion to intervene," (Dkt. No. 16, at 1), citing this Court's decision in the related case, in which this Court found that the Attorney General was entitled to intervention as of right, *see In re Estate of Grossman*, 2021 WL 5826292, at *2, 2021 U.S. Dist. LEXIS 234650, at *4–6.

"Intervention as of right under Rule 24(a)(2) is granted when all four of the following conditions are met: (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006). Here, as in the related case, the Court construes the Attorney General's letter brief as a motion for intervention as of right under Federal Rule of Civil Procedure 24(a)(2) and grants the motion.

The parties do not object to the Attorney General's intervention, and the Court finds that the requirements outlined in *MasterCard* are met: (1) the Attorney General submitted a timely letter brief in response to this Court's order for briefing on the issues of the probate exception and *Colorado River* abstention, (Dkt. No. 16); (2) the Attorney General is an interested party in the Surrogate's Court proceedings, (*see* Dkt. No. 20-1, at 1 (Surrogate's Court Decision/Order listing appearance by the Attorney General's Charities Bureau); Dkt. No. 22-1, at 4 (amended Accounting Schedule H including a Statement of Interested Parties, including the Attorney General's Charities Bureau)); (3) the Attorney General is charged by statute with enforcement of

3

the rights of the beneficiaries of charitable dispositions, *see In re Estate of Grossman*, 2021 WL 5826292, at *2, 2021 U.S. Dist. LEXIS 234650, at *5; and (4) AIIS would not be able to adequately represent the Attorney General's interest in representing the beneficiaries of charitable dispositions, *see id.* Therefore, the Attorney General is entitled to intervention as of right under Rule 24(a)(2), and the Court will consider its submission.

### III.  FACTS[2]

#### A.  Events Preceding the Filing of this Action

Albert B. Grossman created a testamentary charitable remainder trust ("the Trust") in his will, which was duly admitted to probate in Surrogate's Court in 1986. (*See* Dkt. No. 1, at 3; Dkt. No. 20-1, at 5–6); *In re Estate of Grossman*, 2021 WL 5826292, at *2, 2021 U.S. Dist. LEXIS 234650, at *6. Grossman named Plaintiff and his wife, Sally Grossman, as executors of the will and trustees of the Trust, and left his wife power of appointment over the Trust. *In re Estate of Grossman*, 2021 WL 5826292, at *2, 2021 U.S. Dist. LEXIS 234650, at *6; *In re Estate of Grossman*, No. 21-cv-1145, Dkt. No. 9-3, at 13–14, 18. On March 12, 1986, the Surrogate's Court issued letters of trusteeship to Plaintiff and Sally Grossman. (Dkt. No. 20-1, at 1–2); *In re Estate of Grossman*, 2021 WL 5826292, at *2, 2021 U.S. Dist. LEXIS 234650, at *6. Sally Grossman died on March 12, 2021, and her will was admitted to probate in Surrogate's Court on May 7, 2021; in her will she exercised her power of appointment under the Trust and appointed the Trust principal to AIIS. (Dkt. No. 20-1, at 2); *In re Estate of Grossman*, 2021 WL 5826292, at *2, 2021 U.S. Dist. LEXIS 234650, at *6–7.

---

[2] The facts, which are largely undisputed, are drawn from the complaint and letter briefs and attached exhibits, (Dkt. Nos. 1, 14–16, 20–22), as well as the facts set forth in the Memorandum Decision and Order in the related case *In re: Estate of Grossman*, 2021 WL 5826292, 2021 U.S. Dist. LEXIS 234650, and documents filed in the related case. The Court assumes familiarity with the facts in the related case, and does not repeat them all here.

Plaintiff has disputed the validity of that appointment. *Id.*, 2021 U.S. Dist. LEXIS 234650, at *6–7. In late September 2021, AIIS filed a petition in Surrogate's Court requesting an order declaring the validity of Sally Grossman's exercise of her power of appointment, and directing Plaintiff to preserve all Trust principal, file his final accounting of the Trust, and turn over Trust assets to AIIS. *Id.*, 2021 WL 5826292, at *3, 2021 U.S. Dist. LEXIS 234650, at *7–8.[3]

On October 8, 2021, Plaintiff filed the present action. (Dkt. No. 1). In this action, he requests a declaratory judgment that:

> A. The assets of the Trust shall be and remain subject to [Albert Grossman's] Will and remain in trust for the charitable purposes therein designated from and after the death of [Sally Grossman];
> B. [Sally Grossman]'s power of appointment in Article IIIC of [Albert Grossman's] Will applies only to her pecuniary bequest which was completely distributed to [Sally Grossman] before her death or in the alternative applies only to the income of the Grossman Foundation;
> C. Plaintiff is entitled to receive from the corpus and income of the Trust the executor and trustee fees provided by [Surrogate's Court Procedure Act] Sections 2307, 2307-a, 2308 and/or 2309 and the [Albert Grossman] Will; and
> D. Plaintiff shall be and remain the sole trustee of the Grossman Foundation as a continuation of the Trust with the power vested in him pursuant to Article V of [Albert Grossman's] Will.

(*Id.* at 6, 1–2).

### B. Events Following the Filing of this Action

On October 13, 2021, the Surrogate's Court issued an order prohibiting Plaintiff from "encumbering, assigning, transferring, pledging, hypothecating or in any manner spending trust

---

[3] The petition was verified on September 21, 2021, *see In re Estate of Grossman*, No. 21-cv-1145, Dkt. No. 2, at 1; the Surrogate's Court's March 22, 2022 Decision indicates that the petition was filed on September 27, 2021, (Dkt. No. 20-1, at 2).

assets" without permission from Surrogate's Court. *In re Estate of Grossman*, 2021 WL 5826292, at *3, 2021 U.S. Dist. LEXIS 234650, at *9; (Dkt. No. 20-1, at 2–3).

On October 19, 2021, Plaintiff filed a notice of removal, removing AIIS's petition to this Court, thus commencing the related case. *In re Estate of Grossman*, No. 21-cv-1145, Dkt. No. 1. Two days later, the Surrogate's Court issued an order revoking Plaintiff's letters of trusteeship due to an undisclosed criminal conviction, and ordering him to turn over, transfer, or assign all Trust assets to the Surrogate's Court for safekeeping. *In re Estate of Grossman*, 2021 WL 5826292, at *3, 2021 U.S. Dist. LEXIS 234650, at *9–10; (Dkt. No. 20-1, at 3). The Surrogate's Court further ordered Plaintiff to "file a petition for final judicial settlement of his account as trustee" by November 30, 2021. *In re Estate of Grossman*, 2021 WL 5826292, at *3, 2021 U.S. Dist. LEXIS 234650, at *10; (Dkt. No. 20-1, at 3).

On December 8, 2021, this Court issued a memorandum decision and order in the related case finding that "because resolution of [AIIS's] petition would require this Court to control property that is in the custody of Surrogate's court, the probate exception applies, and the Court does not have subject matter jurisdiction." *In re Estate of Grossman*, 2021 WL 5826292, at *6, 2021 U.S. Dist. LEXIS 234650, at *19. The Court therefore remanded the case back to the Surrogate's Court. *Id.*, 2021 WL 5826292, at *7, 2021 U.S. Dist. LEXIS 234650, at *19–20.

Following that remand, on December 10, 2021, the Surrogate's Court issued an order requiring Plaintiff to turn over all Trust assets to the court by December 15, 2021 and adjourned the deadline for Plaintiff's accounting to January 17, 2022. (Dkt. No. 20-1, at 3). On December 15, 2021, Plaintiff deposited $3,385 with the Ulster County Commissioner of Finance, as required. (Dkt. No. 20-1, at 3–4; Dkt. No. 22-2, at 2, 10).

6

On January 20, 2022, Plaintiff filed a petition for judicial settlement of his account in Surrogate's Court with Accounting Schedules. (Dkt. No. 20-1, at 4; Dkt. No. 22-1, at 1). The accounting schedules reflected a Trust balance of $3,385, which had been paid to the Surrogate's Court. (Dkt. No. 22-2, at 2, 10). In a schedule captioned "Statement of Unpaid Administration Expenses," Plaintiff included an expense for "Executor/Trustee Commissions" in the amount of $960,192. (*Id.* at 9). In a schedule captioned "Statement of Commissions," Plaintiff noted that he "deferred substantial executor and trustee commissions in deference to the support of [Sally Grossman] during her lifetime." (*Id.* at 11).

In Surrogate's Court, Plaintiff moved to dismiss the proceeding on jurisdictional grounds and AIIS filed a cross-motion seeking: (1) the return of funds that Plaintiff removed from the Trust account "in apparent defiance of" the Surrogate's Court's October 13, 2021 order prohibiting the transfer of trust assets, (2) a determination that Sally Grossman's exercise of her power of appointment was valid and enforceable, and (3) confirmation that AIIS has the power and authority to contract for the sale of certain Trust assets on terms agreed to by Plaintiff while he was trustee. (Dkt. No. 20-1, at 4–5). On March 22, 2022, the Surrogate's Court denied Plaintiff's motion to dismiss, and granted AIIS's cross-motion. (*Id.* at 8–9). The Surrogate's Court found that Sally Grossman's power of appointment in her will "was valid and effectively exercised to appoint [AIIS] as donee of the residue of the Trust," that AIIS "was thereby vested outright with all right, title and interest as owner of the residue of the Trust, including, without limitation . . . all Trust funds held by the Ulster County Clerk," and that Plaintiff "expended Trust monies after October 13, 2021 without obtaining the Court's prior consent." (*Id.* at 7–8). The Surrogate's Court ordered Plaintiff to amend his petition for judicial accounting to seek the

Court's ratification of any and all uses of Trust funds occurring after the October 13, 2021 order which forbade such transactions. (*Id.* at 9).[4]

## IV. STANDARD OF REVIEW

AIIS and the Attorney General seek dismissal of this action pursuant to the probate exception to otherwise proper federal diversity jurisdiction or under the *Colorado River* abstention doctrine. (Dkt. No. 15, at 6, 10; Dkt. No. 16, at 2–3; Dkt. No. 20, at 1; Dkt. No. 22, at 2–3). The Court construes their request as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *See City of New York v. Milhelm Attea & Bros., Inc.*, 550 F. Supp. 2d 332, 341–42 (E.D.N.Y. 2008) ("A motion to dismiss based on the abstention doctrine is also considered as a motion made pursuant to Rule 12(b)(1).").

"In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). The Court may also "refer to evidence outside the pleadings" and "take judicial notice of documents in the public record, including state court filings." *Krajisnik Soccer Club, Inc. v. Krajisnik Football Club, Inc.*, No. 20-cv-1140, 2021 WL 2142924, at *2, 2021 U.S. Dist. LEXIS 99456, at *5 (N.D.N.Y. May 26, 2021) (citations omitted).

## V. DISCUSSION

### A. *Colorado River* Abstention

Under the *Colorado River* abstention doctrine, a federal court may abstain from exercising jurisdiction in "exceptional circumstances" where "parallel state-court litigation could result in 'comprehensive disposition of litigation' and abstention would conserve judicial

---

[4] The Surrogate's Court noted that Plaintiff had "reiterat[ed] his claim to $960,000 in 'deferred' executor and trust fees." (*Id.* at 7).

8

resources." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (quoting *Colo. River*, 424 U.S. at 813, 817–18). In determining whether *Colorado River* abstention is appropriate, courts consider six factors:

> (1) whether the controversy involves a res over which one of the courts has assumed jurisdiction; (2) whether the federal forum is less inconvenient than the other for the parties; (3) whether staying or dismissing the federal action will avoid piecemeal litigation; (4) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (5) whether federal law provides the rule of decision; and (6) whether the state procedures are adequate to protect the plaintiff's federal rights.

*Id.* at 100–01 (quoting *Woodford v. Cmty. Action Agency of Greene Cty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001)). Because the "balance" is "heavily weighted in favor of the exercise of jurisdiction," the "facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it." *Woodford*, 239 F.3d at 522. The Court must apply the factors "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983). "Courts generally rely on the state of affairs at the time of the *Colorado River* analysis." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 982 (9th Cir. 2011) (citing *Moses H. Cone*, 460 U.S. at 21–22 (considering the existence of a state court action that was filed after the federal court proceeding)); *see also 192 Morgan Realty, LLC v. Aquatorium, LLC*, No. 20-cv-3627, 2022 WL 123567, at *4, 2022 U.S. Dist. LEXIS 250269, at *11 (E.D.N.Y. Jan. 13, 2022) (considering the fact that the plaintiff voluntarily dismissed the state court case after the filing of the federal court case).

### 1. Parallel Proceedings

As a threshold matter, the Court must determine whether this action is parallel to the Surrogate's Court proceedings. "'Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum.'" *Niagara Mohawk*,

673 F.3d at 100 (quoting *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)). "[P]erfect symmetry of parties and issues is not required. Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *United States v. Blake*, 942 F. Supp. 2d 285, 297 (E.D.N.Y. 2013) (internal quotations omitted) (quoting *In re Comverse Tech., Inc.*, No. 06-cv-1849, 2006 WL 3193709, at *2, 2006 U.S. Dist. LEXIS 80195, at *6 (E.D.N.Y. Nov. 2, 2006)).

Here, the parties in this proceeding and in the proceeding before the Surrogate's Court are substantially the same, (*see* Dkt. No. 20-1, at 1 (Surrogate's Court Decision/Order listing appearances by counsel for Plaintiff, AIIS, the Attorney General's Charities Bureau, and Executor Anna Megan Buehler)). In both proceedings the parties are litigating the issue of the validity and effect of Sally Grossman's power of appointment. (*See* Dkt. No. 1, at 6 (seeking a declaration regarding the applicability of Sally Grossman's power of appointment); Dkt. No. 20-1, at 7–9 (March 22, 2022 Surrogate's Court ruling that Sally Grossman validly and effectively exercised her power of appointment to appoint the residue of the Trust to AIIS)). Plaintiff's request for a declaration that he remain the sole trustee or administrator of the "Grossman Foundation" as a "continuation of the Trust," (Dkt. No. 1, at 2), is also contingent upon the validity and effect of Sally Grossman's power of appointment, which has been determined by the Surrogate's Court. *See In re Estate of Grossman*, No. 21-cv-1145, Dkt. No. 9-3, at 14 (Article IIID of Albert Grossman's will, providing that the Trust would be retained in the "Grossman Foundation" after Sally Grossman's death "[s]ubject to [her] power of appointment over the Marital Trust.").

Moreover, the issue of Plaintiff's entitlement to executor and trustee fees is being litigated in both cases. In this action Plaintiff seeks a declaration that he is entitled to receive

executor and trustee fees from the corpus and income of the Trust. (Dkt. No. 1 at 2, 6). In Surrogate's Court, Plaintiff filed a Petition for Judicial Settlement of Account, (Dkt. No. 22-1, at 1), and has presented accounting schedules itemizing deferred executor and trustee fees in the amount of $960,192, (*id.* at 1, 4; Dkt. No. 22-2, at 9, 11).[5]

Finally, the fact that Plaintiff is seeking declaratory relief, a different form of recovery than in Surrogate's Court, does not defeat parallelism, because the causes of action are still comprised of the same essential issues: the validity and effect of Sally Grossman's power of appointment, and deferred executor and trustee fees. *See Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 296–97 (S.D.N.Y. 2017) ("[T]he fact that Plaintiffs seek different, and even conflicting, forms of recovery in this action does not defeat parallelism, where the underlying events remain identical.") (citations omitted).

The Court therefore finds that the proceedings are parallel because the same parties are presently litigating "substantially the same issue[s]" before the Surrogate's Court. *Niagara Mohawk*, 673 F.3d at 100. The Court thus proceeds to consideration of the six factors.

    2.    **Six Factors**

        a.    **Jurisdiction over a res**

In its remand order in the related case, this Court found that the Surrogate's Court had exercised supervisory control over the Trust on several occasions by: (1) issuing letters of trusteeship to Sally Grossman and Plaintiff in 1986 pursuant to Albert Grossman's will; (2) authorizing a sale of real property held by the Trust on August 9, 2004; (3) issuing an order to show cause on September 28, 2021, in response to AIIS's petition; and (4) issuing an order on October 13, 2021, prohibiting Plaintiff from transferring Trust assets without further permission

---

[5] Given these schedules, Plaintiff's assertion that his "claim for the legal right to and the amount of [his] deferred executor and trustee fees has not been presented to the [Surrogate's Court]," (Dkt. No. 14, at 6), is no longer accurate.

from the Surrogate's Court. *In re Estate of Grossman*, 2021 WL 5826292, at *5, 2021 U.S. Dist. LEXIS 234650, at *16. Since that remand order, the Surrogate's Court has ordered Plaintiff to turn over all Trust assets, and issued a decision in which it found that it had "subject matter jurisdiction over these proceedings because they affect the affairs of decedents and/or the administration of their estates in this Court," declared that Sally Grossman's power of appointment was validly and effectively exercised vesting AIIS with "all right, title and interest as owner of the residue of the Trust," and ordered Plaintiff to amend his petition for judicial accounting to seek ratification of his use of Trust funds after the Surrogate's Court's October 13, 2021 order. (Dkt. No. 20-1). Plaintiff has deposited the remaining Trust balance with the Ulster County Commissioner of Finance and filed a petition for judicial settlement of his account in Surrogate's Court with accounting schedules. (Dkt. No. 20-1, at 3–4; Dkt. No. 22-1, at 1).

In sum, the Surrogate's Court is now in possession of the remaining Trust principal and adjudicating Plaintiff's petition for judicial settlement of his account. The Court finds that the Surrogate's Court has assumed jurisdiction over the Trust, and that this factor strongly weighs in favor of abstention. *See Credit–Based Asset Servicing & Securitization, LLC v. Lichtenfels*, 658 F. Supp. 2d 355, 361 (D. Conn. 2009) ("The Second Circuit has held that jurisdiction over the res can be dispositive when applying *Colorado River*.") (citing *F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 101 (2d Cir. 1999)); *see also Phillips*, 252 F. Supp. 3d at 298–99 (finding that the surrogate's court had assumed jurisdiction over testamentary trusts when it had "been involved in the administration of [the] estate since 1989," and the plaintiffs had "participated actively in the Surrogate's Court proceeding by filing briefs in opposition to the accounting petition and in support of a distribution of funds." (internal quotations and annotations omitted)); *Durst v. Siegler*, No. 04-cv-6981, 2005 WL 3358599, at *4, 9, 2005 U.S. Dist. LEXIS 32017, at *10–11,

24–15 (S.D.N.Y. Dec. 7, 2005) (finding that the surrogate's court had assumed jurisdiction over trusts when, in proceedings to settle trust accounts, it had appointed a guardian ad litem and issued discovery orders).[6]

### b. The Inconvenience of the Federal Forum

Plaintiff does not address the convenience of the federal forum; AIIS and the Attorney General argue that the federal forum is not less inconvenient than Surrogate's Court, "as both [Plaintiff] and AIIS have separate attorneys appearing in both NDNY and [Surrogate's Court]." (Dkt. No. 15, at 9; Dkt. No. 16, at 3). Indeed, neither the state nor the federal forum appears to be more convenient to any party: Plaintiff resides in California, AIIS is incorporated in Chicago, Illinois, the Attorney General's Charities Bureau is in Albany, New York, (Dkt. No. 22-1, at 4), this Court is in Syracuse, New York, and the Surrogate's Court is in Kingston, New York. Neither party has presented an argument to suggest that either forum would more inconvenient. Thus, this factor is facially neutral and weighs in favor of retaining jurisdiction.

### c. Avoidance of Piecemeal Litigation

The avoidance of piecemeal litigation is a "'paramount consideration' when a failure to abstain may result in 'inconsistent dispositions' that 'would breed additional litigation on assertions of claim and issue preclusion.'" *Iacovacci v. Brevet Holdings, LLC*, 437 F. Supp. 3d 367, 377 (S.D.N.Y. 2020) (quoting *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 211 (2d Cir. 1985)) (brackets omitted). "Courts primarily abstain based on this factor in situations in which there is 'a risk of inconsistent outcomes not preventable by

---

[6] Insofar as Plaintiff argues that at the time he commenced this action on October 8, 2021, the Surrogate's Court "did not have 'custody' of Trust assets, which primarily consist of legal rights to receive commissions/royalty payments for certain music," and still does not have "custody" over these "intangible legal rights," (Dkt. No. 14, at 7), he offers no authority for the proposition that a court does not assume jurisdiction over a trust if the trust assets include "intangible" rights.

13

principles of res judicata and collateral estoppel' . . . [and] the 'mere potential for conflict in the results of the adjudications, does not, without more, warrant staying [the] exercise of federal jurisdiction.'" *Gerschel v. Bank of America, N.A.*, 20-cv-5217, 2022 WL 504229, at *3, 2022 U.S. Dist. LEXIS 30296, at *9 (S.D.N.Y. Feb. 18, 2022) (first citing *Woodford*, 239 F.3d at 524, and then citing *Colo. River*, 424 U.S. at 816). However, "even where principles of res judicata and collateral estoppel would apply, the risks of duplicative litigation and an unseemly race to judgment weigh in favor of abstaining." *Colony Ins. Co. v. Danica Grp., LLC*, No. 13-cv-1714, 2014 WL 4417353, at *7, 2014 U.S. Dist. LEXIS 125285, at *17 (E.D.N.Y. Sept. 8, 2014) (citing *Tarka v. Greenfield Stein & Senior, LLP*, No. 00-cv-1262, 2000 WL 1121557, at *5, 2000 U.S. Dist. LEXIS 11203, at *17 (S.D.N.Y. Aug. 8, 2000) ("[C]ourts have suggested that the existence of merely duplicative litigation weighs in favor of abstention, although it is not a determinative factor.")).

At this point, the Surrogate's Court has declared that Sally Grossman validly and effectively exercised her power of appointment to appoint the residue of the Trust to AIIS, who was "thereby vested outright with all right, title and interest as owner of the residue of the Trust." (Dkt. No. 20-1, at 7). In doing so, the Surrogate's Court ruled on three of Plaintiff's four requests for declaratory relief before this Court. As to Plaintiff's request for deferred fees, although Plaintiff argues that "any determination regarding [his] legal right to fees and the amount of fees in this action has no impact on the [Surrogate's Court] matter," which he asserts involves only "the request by [Defendant] to have the Trust assets turned over to [Defendant]," (Dkt. No. 14, at 7), the proceedings before the Surrogate's Court also involve accounting for Trust assets, including Plaintiff's right to deferred fees. (*See* Dkt. No. 20-1, at 2–5; Dkt. No. 22-2, at 9, 11).

Thus, a ruling by this Court would be duplicative of and potentially inconsistent with the Surrogate's Court's order regarding the validity and effect of Sally Grossman's exercise of her power of appointment, as well as its resolution of Plaintiff's Petition for Judicial Settlement of Account. (Dkt. No. 20-1, at 7–9; Dkt. No. 22-1, at 1). Therefore, the Court finds that this factor, while not determinative, weighs in favor of abstention. *See, e.g.*, *Parris v. Fremont Inv. & Loan*, No. 14-cv-06907, 2018 WL 4522083, at *4, 2018 U.S. Dist. LEXIS 87573, at *10 (E.D.N.Y. May 22, 2018) (finding that abstention would avoid piecemeal litigation where "both the state and the federal actions involve the duplicative issues of determining each party's property right"), *report and recommendation adopted* 2018 WL 3377147, 2018 U.S. Dist. LEXIS 115485 (E.D.N.Y. July 11, 2018); *Gillette v. County of Warren*, No. 14-cv-560, 2015 WL 1608826, at *7, 2015 U.S. Dist. LEXIS 46805, at *17 (N.D.N.Y. Apr. 10, 2015) ("The real concern at the heart of the third *Colorado River* factor is the avoidance of piecemeal litigation and the concomitant danger of inconsistent rulings with respect to a piece of property.") (quoting *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650–51 (5th Cir. 2000)).

### d.  Order in which Jurisdiction Was Obtained

It is undisputed that AIIS filed its petition in Surrogate's Court in September 2021, and that Plaintiff filed this action later, on October 8, 2021. *See, e.g.*, *Noga v. Santilli*, No. 20-cv-00780, 2020 WL 5749905, at *3, 2020 U.S. Dist. LEXIS 176194, at *8–9 (D. Conn. Sept. 25, 2020) (abstaining, and noting that the probate case "remains pending," and "was brought first"). Moreover, the proceedings in Surrogate's Court have advanced significantly; the Surrogate's Court has found Sally Grossman's exercise of her power of appointment valid, declared that AIIS was thereby vested with all right, title, and interest as owner of the Trust, and ordered Plaintiff to turn over Trust assets. (Dkt. No. 20-1, at 7–8); *Durst v. Siegler*, 04-cv-6981, 2005 WL 3358599, at *9, 2005 U.S. Dist. LEXIS 32017, at *26–27 (S.D.N.Y. Dec. 7, 2005) (noting

15

that "as for the order in which the concurrent tribunals obtained jurisdiction, such is not to be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions," and that the Surrogate's Court proceedings were further along than the federal proceedings) (citation omitted). In contrast, this federal action has not progressed beyond the filing of the complaint and the Court's consideration of whether it can and should exercise jurisdiction over the matter. *See Phillips*, 252 F. Supp. 3d at 301 (finding this factor weighed in factor of abstention when the Surrogate's Court had "dealt with issues" involving the trust and estate at issue for "far longer" than the federal court, which had "yet to reach any of the substantive issues raised in the Complaint, and ha[d] only addressed its own jurisdiction to hear the case").

Thus, the fact that the Surrogate's Court proceedings were commenced first, and have progressed further, weighs in favor of abstention.

    e.  **Applicable Law**

Here, it is undisputed that New York trusts and estates law governs the issues on which Plaintiff seek declaratory judgment. *See Lefkowitz v, Bank of N.Y.*, 676 F. Supp. 2d 229, 275 (S.D.N.Y.) ("As for the relevant body of law, plaintiff's claims here are all based on New York law. Indeed, plaintiff has no remaining federal claims in this case, and the probate proceedings do not involve any federal issues."), *report and recommendation adopted* 676 F. Supp. 2d 229 (S.D.N.Y. 2009). Thus, this factor weighs in favor of abstention, although the Court affords it less weight, because, as Plaintiff notes, the state law issues are not particularly novel or complex. (Dkt. No. 21, at 3); *see Vill. of Westfield v. Welch's*, 170 F.3d 116, 124 (2d Cir. 1999) ("[T]he absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." (emphasis added)).

### f. Adequacy of State Procedures

There are no federal rights at stake in this action, which was brought solely under state law. *See Pappas Harris Capital, LLC v. Bregal Partners, L.P.*, No. 20-cv-6911, 2021 WL 3173429, at *11, 2021 U.S. Dist. LEXIS 139865, at *31 (S.D.N.Y. July 27, 2021) ("'[N]o federal rights are at stake' when, as here, a case 'is brought solely under state law.'") (quoting *Phillips*, 252 F. Supp. 3d at 302). And, although Plaintiff argues that the Surrogate's Court is "a forum biased against [Plaintiff] and which will not grant him minimal due process rights," (Dkt. No. 14, at 4), Plaintiff has been actively defending himself in Surrogate's Court, with counsel, (*see, e.g.*, Dkt. No. 20-1 (Surrogate's Court decision on Plaintiff's motion to dismiss AIIS' petition)). The record reflects that Plaintiff has had ample opportunities to make his case in Surrogate's Court; the mere fact that his claims have been rejected does not suggest a lack of adequate protections. *See Lefkowitz*, 676 F. Supp. 2d at 275–76 (noting that although the plaintiff complained about her "treatment" in state court, her involvement in the probate proceedings, appeals from adverse decisions, "resort to satellite lawsuits to re-litigate issues determined in the probate proceedings," and "extensive court rulings and explanations for their decisions" demonstrated that the plaintiff had been given "ample opportunity to be heard in state court"). Thus, this factor is neutral and weighs in favor of retaining jurisdiction. *See, e.g.*, *Moore v. Shahine*, No. 18-cv-463, 2020 WL 3073250, at *4, 2020 U.S. Dist. LEXIS 101585, at *13 (S.D.N.Y. June 10, 2020) ("No federal rights are involved in this action and no evidence exists that the state court cannot protect adequately the plaintiff's rights under state law. Thus, this factor is neutral.") (citation omitted); *Zeppelin Sys. USA. Inc. v. Pyrolyx USA Ind., LLC*, No. 19-cv-11222, 2020 WL 1082774, at *8, 2020 U.S. Dist. LEXIS 39716, at *24 (S.D.N.Y. March 5, 2020) ("Given the lack of federal rights at stake, however, 'the ability of the state court to

adequately protect Plaintiff's interests only makes this factor neutral.'") (quoting *Phillips*, 252 F. Supp. 3d at 302–03).

In sum, taken together, the Court finds that the *Colorado River* factors weigh in favor of abstaining in this case. *See, e.g.*, *Noga*, 2020 WL 5749905, at *3, 2020 U.S. Dist. LEXIS 176194, at *8–9 (abstaining when probate proceedings were parallel, still pending, and brought first, and state law controlled the rule of decision); *Phillips*, 252 F. Supp. 3d at 303–04 (abstaining when proceedings in surrogate's court were parallel, the surrogate's court had assumed jurisdiction over the trust at issue, neither forum was more inconvenient, there was a risk of piecemeal litigation, the surrogate's court proceedings had progressed further, state law controlled, and state procedures would adequately protect plaintiff's interests); *Durst*, 2005 WL 3358599, at *10, 2005 U.S. Dist. LEXIS 32017, at *27–28 (same).[7]

### B. Remaining Arguments

Because the Court finds that *Colorado River* abstention is warranted, it does not address the applicability of the probate exception to federal diversity jurisdiction. *See, e.g.*, *Cavanaugh v. Geballe*, 28 F.4th 428, 432 n.4 (2d Cir. 2022) (finding no error in district court deciding whether abstention was proper before deciding whether it had jurisdiction, noting that the Second Circuit and the Supreme Court have "reaffirmed that federal courts maintain the inherent flexibility . . . to choose among threshold grounds for disposing of a case without reaching the merits" (internal

---

[7] Plaintiff cites to *Kleeberg v. Eber*, No. 16-cv-9517, 2017 WL 2895913, 2017 U.S. Dist. LEXIS 104406 (S.D.N.Y. July 6, 2017), but that case is inapposite. In *Kleeberg*, the plaintiffs asserted claims against trustees of a testamentary trust for breach of fiduciary duty and fraudulent concealment. 2017 WL 2895913, at *1, 2017 U.S. Dist. LEXIS 104406, at *1. After finding that the probate exception did not apply, the district court declined to abstain under *Colorado River* because most of the factors favored the exercise of jurisdiction. *Id.*, 2017 WL 2895913, at *3–4, 2017 U.S. Dist. LEXIS 104406, at *6–9. There, unlike here, the surrogate's court had not assumed jurisdiction over the property, litigation in federal court would be more convenient for most of the parties, and the federal proceedings were commenced first. *Id.*, 2017 U.S. Dist. LEXIS 104406, at *6–9.

quotations omitted) (quoting *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003))).

## VI.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice** under the principles of *Colorado River* abstention.

**IT IS SO ORDERED.**

Dated: April 21, 2022
Syracuse, New York

Brenda K. Sannes
U.S. District Judge