UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PETER M. HOFFMAN, Trustee of the Albert B. Grossman
Marital Trust,

                              Plaintiff,                  1:21-cv-01105 (BKS/ATB)

v.

AMERICAN INSTITUTE OF INDIAN STUDIES, a non-governmental organization,

                              Defendant,

and

NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL,

                              Intervenor.

_____

**Appearances:**

*For Plaintiff:*
Joseph F. Castiglione
Young/Sommer LLC
Executive Woods
5 Palisades Dr.
Albany, NY 12205

Raymond J. Markovich
Office of Raymond J. Markovich
351 Westbourne Dr.
West Hollywood, CA 90048

*For Defendant:*
Daniel W. Coffey
Coffey Law PLLC
17 Elk St.
Albany, NY 12207

*For Intervenor*:
Letitia James
Attorney General of the State of New York
James G. Sheehan
Assistant Attorney General-in-Chief
Nathan M. Courtney
Assistant Attorney General
Charities Bureau
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.   INTRODUCTION

Plaintiff Peter M. Hoffman, in his capacity as trustee of the Albert B. Grossman Marital Trust,[1] brought this action against American Institute of Indian Studies ("AIIS") seeking declaratory judgment relief under 28 U.S.C. § 2201. (Dkt. No. 1). On April 21, 2022, after soliciting briefing from all parties, the Court dismissed this action under the abstention principles articulated in *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–18 (1976). (Dkt. No. 24); *Hoffman v. American Inst. of Indian Stud.*, No. 21-cv-01105, 2022 WL 1184583, 2022 U.S. Dist. LEXIS 72884 (N.D.N.Y. Apr. 21, 2022). Hoffman appealed, and the United States Court of Appeals for the Second Circuit vacated the portion of this Court's Order dismissing the action pursuant to the *Colorado River* abstention doctrine, and remanded for consideration of whether this Court should abstain pursuant to the more discretionary abstention standard established in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). *In re Est. of Grossman*, 2024 WL 371127, at *3, 2024 U.S. App. LEXIS 2208, at *6–7 (2d Cir. Feb. 1, 2024).

---

[1] Although Hoffman was trustee of the Trust as of the filing date of the present action, the Ulster County Surrogate's Court revoked his letters of trusteeship on October 21, 2021. (Dkt. No. 15, at 3); *In re Est. of Grossman*, No. 21-cv-01145, 2021 WL 5826292, at *3, 2021 U.S. Dist. LEXIS 234650, at *9–10 (N.D.N.Y. Dec. 8, 2021).

2

II.   **FACTS**

The Court presumes the parties' familiarity with this Court's April 21, 2022 decision, *Hoffman*, 2022 WL 1184583, 2022 U.S. Dist. LEXIS 72884, and the Second Circuit's February 1, 2024 decision, *In re Est. of Grossman*, 2024 WL 371127, 2024 U.S. App. LEXIS 2208, which recite the factual background of the case, including the events preceding the filing of this action as well as the events following the filing of this action, up until April 21, 2022. In their present briefing, the parties set forth additional events that have occurred following this Court's April 21, 2022 decision. (Dkt. Nos. 35, 36, 37, 38). These facts are as follows.

In June 2023, the Appellate Division affirmed the Surrogate's Court's March 22, 2022, decision. *In re Grossman*, No. 2021-207/A, 2022 WL 1129664, 2022 N.Y. Misc. LEXIS 1352 (N.Y. Sur. Mar. 22, 2022)*, aff'd*, 217 A.D.3d 1213, 1215 (3d Dep't 2023). Specifically, the Appellate Division held that: (1) the Surrogate's Court had personal jurisdiction over Plaintiff, (2) because the controversy centered on "the validity of a power of appointment granted to" Sally Grossman in Albert Grossman's will, Sally Grossman's "exercise of that power in [her] will and whether the assets of the trust should be turned over to" Hoffman, and both Sally and Albert Grossman were deceased, and thus the issues "relate[d] to the affairs of two decedents . . . and the administration of their estates," the Surrogate's Court had subject matter jurisdiction; and (3) because the language in Albert's will "unambiguously demonstrates that [he] intended to give [Sally] a power of appointment of the trust's principal, subject to certain conditions," and because Sally had complied with those conditions, "the power of appointment to [Sally] was valid and properly exercised" and the Surrogate's Court properly denied Hoffman's motion to dismiss. *Id.* at 1214–15. There was no further appeal.

While the Surrogate Court's March 22, 2022, decision and the Appellate Division's affirmance resolved issues relating to the validity of Sally's exercise of the power of appointment

3

of the Trust's principal to AIIS, the issue of Hoffman's "accounting," which he filed on or about January 19, 2022, seeking commissions and expenses in the amount of $1,087,192.00, continued in Surrogate's Court. (Dkt. No. 22-2, at 9). Moreover, although the Surrogate's Court gave AIIS the authority to sell the Trust's remaining assets, *In re Grossman*, 2022 WL 1129664, at *4, 2022 N.Y. Misc. LEXIS 1352, at *11, it subsequently ordered that proceeds from the sale of Trust assets be held in escrow pending a determination of the commissions payable to Hoffman, as the former trustee. (Dkt. No. 37-3, at 2–3). The AIIS "Client Trust Ledger" shows that $1,566,072.81 is being held in an attorney escrow account. (Dkt. No. 37-2, at 4). The parties represent that discovery concerning the accounting portion of the Surrogate's Court proceeding is complete, that AIIS and the Attorney General have filed objections to Hoffman's accounting, Hoffman has filed a motion to dismiss those objections, and the AIIS has filed "for summary judgment on their objections," and that dispositive motions will be fully briefed as of July 12, 2024. (Dkt. No. 35, at 4; Dkt. No. 37-1, at 2).

### III.   STANDARD OF REVIEW

AIIS and the Attorney General seek dismissal of this action, or, alternatively, a stay, pursuant to the Second Circuit's February 1, 2024 decision, under the *Wilton* abstention doctrine. (Dkt. Nos. 29, 35, 37, 38). The Court construes their request as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *See City of New York v. Milhelm Attea & Bros., Inc.*, 550 F. Supp. 2d 332, 341–42 (E.D.N.Y. 2008) ("A motion to dismiss based on the abstention doctrine is also considered as a motion made pursuant to Rule 12(b)(1).").

"In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). The Court may also "refer to evidence outside the pleadings"

4

and "take judicial notice of documents in the public record, including state court filings." *Krajisnik Soccer Club, Inc. v. Krajisnik Football Club, Inc.*, No. 20-cv-1140, 2021 WL 2142924, at *2, 2021 U.S. Dist. LEXIS 99456, at *5 (N.D.N.Y. May 26, 2021) (citations omitted).

## IV. DISCUSSION

### A. *Wilton* Abstention

In remanding this matter for application of the *Wilton* abstention doctrine, the Second Circuit explained that because Plaintiff seeks relief "through the Declaratory Judgment Act, 28 U.S.C. § 2201," and because the "[d]istinct features of the Declaratory Judgment Act . . . justify a standard vesting district courts with greater discretion in declaratory judgment actions . . . than that permitted under the 'exceptional circumstances' test of *Colorado River* [], (quoting *Wilton*, 515 U.S. at 286), the Second Circuit is under "no impression that [this Court] is likely to reach a different conclusion on remand" because "*Wilton* vests district courts with considerably more discretion to abstain from jurisdiction than does *Colorado River*." *In re Est. of Grossman*, 2024 WL 371127, at *3, 2024 U.S. App. LEXIS 2208, at *7 (2d Cir. 2024).

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Because Plaintiff here seeks "relief through the Declaratory Judgment Act" in this diversity action, the Court plainly has jurisdiction to enter declaratory judgment. *In re Est. of Grossman*, 2024 WL 371127, at *3, 2024 U.S. App. LEXIS, at *6.

However, the exercise of such jurisdiction remains discretionary because the Act "provides only that federal courts '*may* declare the rights and other legal relations of an[] interested party seeking such declaration' in 'a case of actual controversy'—not that they *must* so

declare." *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 96 (2d. Cir. 2023) (quoting 28 U.S.C. § 2201(a) (emphasis added)). In *Wilton*, the Supreme Court held that "at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference[]' if it permitted the federal declaratory action to proceed." 515 U.S. at 283 (quoting *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1971)). Therefore, the Court held that the threshold question for a district court deciding to abstain is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.* at 282 (quoting *Brillhart*, 316 U.S. at 495).

   1. ***Admiral* Factors**

In making this determination, the Second Circuit has articulated six "non-exhaustive" factors that a court may use in deciding whether to exercise its discretion "to the extent they are relevant in a particular case":

   (1) whether the [declaratory] judgment [sought] will serve a useful purpose in clarifying or settling the legal issues involved
   (2) whether [such] a judgment would finalize the controversy and offer relief from uncertainty
   (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata
   (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court
   (5) whether there is a better or more effective remedy; and
   (6) whether concerns for "judicial efficiency" and "judicial economy" favor declining to exercise jurisdiction

*Admiral Ins. Co.*, 57 F.4th at 99–100. Ultimately, "district courts retain[] wide latitude to address other factors as relevant to the ultimate question of whether 'the normal principle that federal courts should adjudicate claims [over which they have] jurisdiction' should 'yield[] to

6

considerations of practicality and wise judicial administration' in a particular case." *Id.* at 100 (quoting *Wilton*, 515 U.S. at 288).

Plaintiff first attempts to argue that *Wilton* abstention is inapplicable as his "claims are no longer requests for declaratory relief alone," but have "ripened . . . into claims for damages and injunctive relief." (Dkt. No. 36, at 1). However, Plaintiff has not filed a motion to amend the Complaint as required by Federal Rule of Civil Procedure 15, nor is there any basis for construing the Complaint as asserting claims for damages. As the Second Circuit explicitly recognized, in this action, Plaintiff seeks "relief through the Declaratory Judgment Act." *In re Est. of Grossman*, 2024 WL 371127, at *3, 2024 U.S. App. LEXIS, at *6. Accordingly, the Court turns to the considerations relevant to determine whether *Wilton* abstention is appropriate in this case.

### a. Usefulness in Clarifying or Settling Legal Issues

"One basis for declining to hear a declaratory judgment action is the existence of a pending action in another court that will resolve the controversies between the parties." *Gates Constr. Corp. v. Koschak*, 792 F. Supp. 334, 336 (S.D.N.Y. 1992). The Court has previously observed that here, the "same parties" are "litigating 'substantially the same issue[s]' before the Surrogate's Court." *Hoffman*, 2022 WL 1184583, at *5, 2022 U.S. Dist. LEXIS 72884, at *11 (quoting *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (S.D.N.Y. 2012)). Here, there is symmetry between the parties, which weighs in favor of abstention. *Cf. Fed. Ins. Co. v. Garner*, 2016 U.S. Dist. LEXIS 82490, at *17–19, 2016 WL 3554929, at *6–7 (S.D.N.Y. June 20, 2016) (declining to abstain where plaintiff was not a party to the underlying action).

Since this Court's April 21, 2022 decision, discovery in the Surrogate's Court regarding the accounting portion of the proceeding has concluded, and each party has made their

7

dispositive motions. (Dkt. No. 37, at 3). According to the current scheduling order in Surrogate's Court, these motions will be fully submitted on July 12, 2024 (Dkt. No. 37-1). As explained by counsel for AIIS, "the matters for which Hoffman seeks declaratory relief have already been— or will be in the very near future— decided in state court by the UCSC and Third Department." (Dkt. No. 35, at 8). AIIS's counsel further explains that the Surrogate's Court has a "ready-made procedure for dealing with commissions in accounting proceedings." (Dkt. No. 37, at 6). Therefore, any decision by this Court would not serve a useful purpose because all issues have been finalized either in the Surrogate's Court or by the Third Department or will be in accordance with the Surrogate's Court's procedures. Thus, the first factor weighs in favor of abstention.

          **b.**     **Relief from Uncertainty**

The Court finds that the second factor also weighs in favor of abstention. Given the pendency of the accounting portion of the proceeding in Surrogate's Court, with an outstanding submission deadline of July 12, 2024, a declaratory judgment here would not promise finality. *Cf. St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F. Supp. 3d 603, 608 (S.D.N.Y. 2015) (finding that declaratory judgment would finalize the controversy where there was no pending parallel state court action). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another form." *Niagara Mohawk*, 673 F.3d at 100 (quoting *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998)). Here, as stated above, because there is a pending state court action, declaratory judgment in this case would not finalize the controversy.

### c. Procedural Fencing

Defendants argue that Hoffman engaged in a "clear act of forum shopping" by filing the subject action on October 8, 2021, "just a mere eleven (11) days *after* AIIS had already filed Action 1 on September 27, 2021." (Dkt. No. 35, at 3).

The Court agrees with Defendants that the third factor weighs in favor of abstention, as it appears Hoffman seeks to obtain a more favorable forum by filing the subject action in federal court. As previously stated by this Court, "[p]laintiff does not address the convenience of the federal forum; AIIS and the Attorney General argue that the federal forum is not less inconvenient than Surrogate's Court, as 'both Hoffman and AIIS have separate attorneys appearing in both NDNY and [Surrogate's Court].'" *Hoffman*, 2022 WL 1184583, at *6, 2022 U.S. Dist. LEXIS 72884, at *16. This Court has previously recognized that in this matter, "neither the state nor the federal forum appears to be more convenient to any party: [Hoffman] resides in California, AIIS is incorporated in Chicago, Illinois, the Attorney General's Charities Bureau is in Albany, New York, this Court is in Syracuse, New York, and the Surrogate's Court is in Kingston, New York." *Id. Cf. Cont'l Cas. Co. v. Phx. Life Ins. Co.*, 2020 WL 4586699, at *3, 2020 U.S. Dist. LEXIS 142077, at *8 (D. Conn. 2020) (finding insufficient evidence of any improper procedural fencing where the district court action was filed before the state court action, and plaintiff's choice of venue corresponded with where all three defendants had their principal place of business).

Here, Plaintiff filed the subject action eleven days after AIIS had already filed the state court action, which concerned substantially the same issues. Specifically, Hoffman seeks a declaratory judgment providing that:

(a) The assets of the Albert Trust remain subject to Albert's Will and remain in trust for the charitable purposes designated in Albert's Will

9

> (b) Sally's power of appointment in Albert's Will applied only to her "pecuniary bequest" which was completely distributed to Sally before her death or in the alternative applies only to the income of the Grossman Foundation
> (c) Hoffman is entitled to receive from the corpus and income of the Albert Trust the executor and trustee fees; and
> (d) Hoffman shall be and remain the sole trustee of the Grossman Foundation as a continuation of the Albert Trust

(Dkt. No. 1, at 6).

Although the Complaint invokes the Declaratory Judgement Act, Hoffman appears to intend to relitigate matters already litigated in state court. The causes of action are comprised of the same essential issues: the validity and effect of Sally's power of appointment, and deferred executor and trustee fees. Therefore, because Hoffman filed this action with this Court only eleven days after the state court action was filed, because the causes of action are comprised of the same essential issues, and because the federal forum does not appear to be more or less convenient for either party, the third factor weighs in favor of abstention.

### d.     Inter-Jurisdictional Relations

Concurrent, substantially similar litigation may lead to "inconsistent and asymmetrical results" that may create friction between the federal court and state court hearing the matters. *Stoncor Grp., Inc. v. Peerless Ins. Co.*, 322 F. Supp. 3d 505, 517 (S.D.N.Y. 2018). Therefore, "[t]he potential creation of overlapping, and possibly inconsistent factual records may well create friction [between the courts]." *Id.* (quoting *Am. All. Ins. Co. v. Eagle Ins. Co.*, 961 F. Supp. 652, 658 (S.D.N.Y. 1997)).

Here, at this point, the Surrogate's Court has declared that Sally validly and effectively exercised her power of appointment to appoint the residue of the Trust to AIIS, who was "thereby vested outright with all right, the title and interest as owner of the residue of the Trust." *In re Grossman*, 2022 WL 1129664, at *7–8, 2022 N.Y. Misc. LEXIS 1352, at *7–8. In doing so, the Surrogate's Court ruled on three of Hoffman's four requests for declaratory relief before

10

this Court. As to Hoffman's request for deferred fees, although Hoffman argues that "any determination regarding [his] legal right to fees and the amount of fees in this action has no impact on the [Surrogate's Court] matter," which he asserts, involves only "the request by AIIS to have the Trust assets turned over to AIIS," (Dkt. No. 14, at 6–7), the proceedings before the Surrogate's Court also involve accounting for Trust assets, including Hoffman's right to deferred fees. (*See* Dkt. No. 21-1 at 2–5; Dkt. No. 22, at 9, 11).

Thus, a ruling by this Court would be duplicative of and potentially inconsistent with the Surrogate's Court's order regarding the validity and effect of Sally's exercise of her power of appointment, as well as its resolution of Hoffman's "petition for judicial accounting." (Dkt. No. 20-1, at 7–9; Dkt. No. 22-1, at 1). Additionally, since this Court's April 21, 2022 decision, discovery in the Surrogate's Court regarding Hoffman's accounting and request for commissions and fees has concluded, and dispositive motions have been made. (Dkt. No. 37, at 3). According to the current scheduling order in Surrogate's Court, these motions will be fully submitted on July 12, 2024 (Dkt. No. 37-1). The matters for which Hoffman seeks declaratory relief have already been, or will shortly be, decided in state court, and any decision by this Court could be potentially inconsistent with any determination made in the Surrogate's Court. Therefore, the fourth factor weighs in favor of abstention.

e. **The Existence of a Better or More Effective Remedy**

The Court finds that federal court does not offer a better or more effective remedy. As previously stated, the matters in this dispute have been previously resolved, or will soon be resolved in Surrogate's Court. Plaintiff's contention that he is entitled to damages and injunctive relief is irrelevant because, as discussed, this is an action for declaratory judgment.

### f. Judicial Economy

The Court finds that the sixth factor weighs in favor of abstention. "Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495. Here, there are no federal rights at stake in this action, which was brought solely under state law. *See Pappas Harris Cap., LLC v. Bregal Partners, L.P.*, No. 20-cv-6911, 2021 WL 3173429, at *11, 2021 U.S. Dist. LEXIS 139865, at *31 (S.D.N.Y. July 27, 2021) ("'[N]o federal rights are at stake' when, as here, a case 'is brought solely under state law.'") (quoting *Phillips v. Citibank, N.A.*, 252 F. Supp. 3d at 302)); *see also Moore v. Shahine*, No. 18-cv-463, 2020 WL 3073250, at *4, 2020 U.S. Dist. LEXIS 101585, at *13 (S.D.N.Y. June 10, 2020) ("No federal rights are involved in this action and no evidence exists that the state court cannot protect adequately the plaintiff's rights under state law. Thus, this factor is neutral.") (citation omitted); *cf. Niagara Mohawk*, 673 F.3d at 104–06 (finding abstention inappropriate where claims did not involve state law only, and plaintiff did not seek purely declaratory relief). Here, the action was brought solely under state law, and Hoffman seeks purely declaratory relief.

Here, it is in the interests of judicial economy for the Surrogate's Court resolve the ongoing disputes between the parties, instead of engaging in piecemeal litigation. *See Gov't Emples. Ins. Co. v. Mayzenberg*, 2018 WL 6031156, at *9, 2018 U.S. Dist. LEXIS 195890, at *29 (E.D.N.Y. Nov. 16, 2018) (finding that "it is in the interests of judicial economy to resolve the controversy in a single action, rather than require the parties and lower courts to engage in piecemeal and repetitive litigation").

Having considered all the relevant factors, the Court concludes that they weigh in favor of abstention in this case and therefore, in its discretion, declines to exercise its jurisdiction under

the Declaratory Judgment Act. *See Admiral Ins. Co.*, 57 F.4th at 100 (explaining that district courts have "broad discretion to weigh" the enumerated, but "non-exhaustive," factors, in determining whether to exercise its discretion to decline jurisdiction).

### 2. Stay or Dismissal

Having determined that abstention is warranted, the Court must determine whether a stay, rather than dismissal, is the appropriate course. *See In re Est. Grossman*, 2024 WL 371127, at *3, 2024 U.S. App. LEXIS 2208, at *8 (stating that if it is determined "that *Wilton* abstention is proper, the district court in its discretion should also determine whether this is the sort of case where *Wilton* suggests a stay rather than a dismissal").

Hoffman contends that this Court has no discretion under *Wilton* to stay or dismiss the cause of action because "[a]ctions of the Ulster County Surrogate's Court have ripened [Hoffman's] claims for declaratory relief into claims for damages and injunctive relief" and "[t]his Court has no discretion under *Wilton* to stay or dismiss the claims for damages and injunctive relief now raised in this action." (Dkt. No. 36, at 1). As mentioned above, the only claims presently before the Court are for declaratory judgment. Further, the argument that this Court does not have discretion to stay or dismiss this action is unsupported by *Wilton* and the Second Circuit's Order, as discussed above.

According to *Wilton*, "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." 515 U.S. at 288 n.2. *See United States Specialty Ins. Co. v. Vill. Of Chester*, No. 19-cv-467, 2020 U.S. Dist. LEXIS 196516, at *17 (S.D.N.Y. Oct. 22, 2020) (staying the plaintiff's claims until final judgment is rendered in the corresponding state court case); see also Wilton, 515 at 290 (holding the district court "acted within its bounds in staying [an] action for

declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court").

Accordingly, *Wilton* generally calls for "staying, rather than dismissing the declaratory judgment claim at issue, in order to preserve any of the plaintiff's claims that might not be resolved by the pending state proceeding." *TIG Ins. Co. v. Fairchild Corp.*, 2008 WL 2198087, at *5, 2008 U.S. Dist. LEXIS 41452, at *13 (S.D.N.Y. May 23, 2008). *See United States Specialty Ins. Co.*, 2020 U.S. Dist. LEXIS 196516, at *17 (granting a stay rather than a dismissal where final judgment had not yet been rendered in the parallel state court case); *cf. Madison Stock Transfer, Inc. v. Marine Expl., Inc.*, No. 15-cv-6394, 2017 WL 383351, at *2, 2017 U.S. Dist. LEXIS 11767, at *6 (E.D.N.Y. Jan. 27, 2017) (finding dismissal rather than a stay appropriate where summary judgment had been entered in the state court action and the plaintiff's claims had been dismissed).

Here, as mentioned previously, final judgment has been reached in the Surrogate's Court or the Third Department or will soon be reached by the Surrogate's Court. The parties have filed their dispositive motions with the Surrogate's Court; however, the parties have not advised the Court that final judgment has been reached in the Surrogate's Court. Therefore, all proceedings in this action are stayed.

V. **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Defendant's motion to stay is **GRANTED** and Defendant's motion to dismiss is **DENIED** under the principles of *Wilton* abstention**.** The Clerk of Court is directed to

stay this action. The parties are to notify the Court in writing within five (5) days of a resolution of the Surrogate's Court action.

**IT IS SO ORDERED.**

Dated: <u>July 15, 2024</u>
       Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge